Guild v. Meyer.

Frederick W. Guild, receiver,

v.

Michael Meyer and Charles Metzger.

[Filed November 22d, 1897.]

1. Where a receiver appointed in supplemental proceedings files a bill against the judgment debtor and another person, alleging that defendants are carrying on a business which belongs to the judgment debtor, but is in the name of the other defendant to cover up the debtor's property, and the allegations of the bill are denied by defendants' answers, complainant is not entitled to a preliminary injunction or a receiver, on the ground of defendants' sole ownership.

2. Where the existence of a partnership is denied, the usual rule is not to appoint a receiver until that question is determined.

3. A receiver appointed under the Supplementary Execution act (*Gen. Stat. p. 1419 ¶ 26*) is not entitled to recover a debt which was not in existence at the time of his appointment.

4. When a receiver has been appointed in supplementary proceedings, and the judgment debtor is in partnership with another person, after notice to the partner of the receiver's appointment, all his dealings with the debtor's interest in the partnership are at said partner's risk.

5. A receiver appointed in supplementary proceedings in a case where the execution debtor was in partnership with another person, brought suit against said partners to realize the value of the judgment debtor's interest in the partnership.—*Held*, that the receiver would not be entitled to a preliminary injunction to prevent the partner of said debtor paying over to him the profits of said business which accrued either before or after the appointment of the receiver.

On application for preliminary injunction   Heard on bill and affidavits, and answers and affidavits.

*Mr. Robert H. McCarter*, for the motion.

*Mr. Samuel Kalisch*, contra.

Emery, V. C.

This is a bill filed by complainant, who is a receiver appointed on supplementary proceedings under an execution, and is filed

against the judgment debtor, Meyer, and one Metzger. The object of the bill is to reach certain property and business now held and carried on in Metzger's name, and to obtain a decree that Meyer is the owner of this business, or failing in this, to declare that Meyer is a partner in the business, and to obtain a decree for account of his interest and profits therein. An application is now made for the appointment of a receiver of the property and business, and an injunction against making payments to Meyer out of the business pending the decision of the cause.

The application is based upon two grounds or claims for ultimate relief.

*First.* That the property and business for which a receiver is prayed are really the property and business of the judgment debtor, Meyer, and the legal title thereto, if it is in the defendant Metzger, is so held in fraud of complainant as a creditor or representing creditors of Meyer.

*Second.* That the defendants, Meyer and Metzger, are in fact partners in the business; that this being so, Meyer has certainly an interest in the profits of the business and perhaps in the property, and that inasmuch as Meyer's interest in the profits is, by the arrangements between the alleged partners, paid over to him as fast as earned, a receiver or preliminary injunction against such payment is necessary in order to give adequate relief, or in fact any relief, to complainant in case this claim as to partnership be well founded.

As to the first ground, the facts set up in the answers and affidavits amount to a denial of the ownership of the property and business by Meyer and of the allegations in complainant's bill and affidavits upon which the claim of ownership is based. Under the usual rule, therefore, the complainant is not entitled to a preliminary injunction or receiver on the ground of Meyer's sole ownership, and there are no circumstances in the case which bring it within the exceptions to the rule.

In reference to granting either an injunction or receiver on the second ground, that of Meyer's interest either in the profits or property as a partner, the first material point to be noticed

is that the partnership is denied both by Meyer and Metzger, and their claim is that the arrangement for his sharing in the profits is a payment for his labor and services as an employe or manager of the business for Metzger. Where the existence of a partnership is denied the usual rule is not to appoint a receiver until that question is determined, and the English practice formerly was to direct an issue to try the fact, the motion for receiver in the meantime standing over. *Lind. Part.* *552; *Peacock* v. *Peacock, 16 Ves. 49.*

This was the rule applied where the existence of a partnership was in dispute between the alleged partners themselves, and the complainant, who is, or represents, a judgment creditor of one of the alleged partners, can (at least ordinarily) have no greater or more extensive right to a receiver than the judgment debtor himself, under whose alleged partnership he claims. Ordinarily, therefore, the question of partnership or no partnership must first be settled before the court should undertake, by injunction. or receiver, to interfere with the custody or control of the property or business which, if no partnership exists, belongs absolutely to the defendant denying the partnership to manage as his own. But it must be further noticed that the complainant, as receiver, does not stand in the position of a person claiming for himself, as partner, the continued existence of a partnership, and claiming by reason thereof an interest in the property or in the profits accrued or to accrue. Complainant was appointed receiver by order of a judge made under the Supplementary Execution act, which declares (*Gen. Stat. p.* 1419 ¶ 26) that on his appointment he is entitled to the property and things in action of the judgment debtor belonging or due to or held in trust for him " at the time of issuing said execution or at any time afterwards." The court of errors and appeals, in *Willison* v. *Salmon, 18 Stew. Eq. 257 (1889),* has decided that a receiver, under such appointment, is not entitled to recover a debt which was not in existence at the time of his appointment, and this rule, as it now seems to me, would prevent the receiver from recovering in this suit any profits of the business earned by Meyer after the appointment of the receiver

Guild *v.* Meyer.   .

and due to him simply as a partner by reason of the mere continuance of the firm after the appointment for services thereafter performed.    And as I now look at the receiver's rights under the statutory appointment and on the basis that Meyer is a partner, his rights are limited to what was due to Meyer as a partner at the time of this appointment, and he is entitled to an account of what was then due Meyer as a partner on an accounting, following, if necessary, the subsequent transactions solely for the purpose of ascertaining and recovering what was then due.    Seizure and sale on execution against one partner ordinarily dissolve a partnership (*Lind. Part.* *359), and this must be the effect so far as relates to an execution creditor who sets up the purchase under execution against the other partner.    The execution creditor cannot become a partner.    *Helmore* v. *Smith, 35 Ch. Div. 436, 440.*

Supplementary proceedings to reach the debtor's interest in a partnership would, in this respect, seem to have the same effect as a seizure and sale under execution, and the receiver's rights under the statute, as construed by the court in the above case, cannot extend further than to dissolve the partnership of the debtor as of the date of his appointment and the consequent transfer of the debtor's interest, and to entitle him, as against the judgment debtor, to an account of the debtor's interest as of that date.    All dealings by the other partner, or alleged partner, with the debtor's then interest, after notice of the appointment of the receiver, would be at his own peril.

In *Coleman* v. *Roff, 16 Vr. 7 (Supreme Court, 1883),* the court held that an assignment of choses in action made by a defendant in execution after proceedings for discovery, to an assignee who had notice of the proceedings, was void as against the receiver subsequently appointed, and Chief-Justice Beasley said (at *p. 11*) that such assignment, after filing a bill in equity and with notice thereof, would clearly be ineffectual.    Whether, as against Metzger, the right to account in case a partnership be finally established as existing should be fixed as the date of the commencement of proceedings or the date of notice thereof to Metzger or of the receiver's appointment, is a matter for

future determination, but, as it now seems to me, the right of the receiver as against Metzger, if he has any right by reason of the existence of a partnership, is to an account as upon dissolution from one of those dates.   For the protection of this ultimate right, it does not seem to me that any preliminary injunction or receiver against Metzger is necessary, and it certainly should not be ordered pending the decision of the disputed question of partnership.    The motion for injunction and a receiver at the present time will therefore be denied, but will be directed to stand over until final hearing.

Costs of the motion will be costs in the cause.